UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 21-CR-178 (APM) |
| : | |
| JEFFREY BROWN, : | |
| Defendant. : | |
| : | |

## DISCOVERY ACCESS STATUS UPDATE

COMES NOW the Defendant, Jeffrey Brown, through counsel, and provides this access to discovery status update pursuant to the Court's April 1, 2022, Order. [ECF No. 93.] In that Order the Court instructed "[i]f Mr. Brown still has not received access to a laptop to review discovery or to the Evidence.com platform, counsel shall notify the court …."

Mr. Brown does not have access to a laptop to review discovery, and he does not have access to the Evidence.com platform.[1] As briefed in prior filings, Mr. Brown was moved from the Correctional Treatment Facility (CTF) in Washington, D.C., to the Central Virginia Regional Jail (CVRJ) in Orange, Virginia, following the status hearing on February 18, 2022. To the best of counsel's knowledge, Mr. Brown will remain at this facility until trial.

The CVRJ does not provide laptops to inmates; Mr. Brown will not be able to review any of the produced discovery on his own. This also means that Mr. Brown will not be able to directly access the Evidence.com platform. And while the Government is correct that the CVRJ does allow video visitation [*see* Government Brief in Opposition, ECF No. 79 at 4], the video visitation does not allow for screen sharing. Mr. Brown will not be able to view or access any discovery through video visits.

---

[1] Mr. Brown has an account; just no ability to access it.

The only opportunity to review discovery at the CVRJ is by in-person counsel visitation and on counsel's laptop. The CVRJ is between 85 and 95 miles (depending on the route) away from counsel's office, and even farther from the Court and prosecuting jurisdiction. It is on average a two-hour drive, traffic dependent. The CVRJ's visitation allows for visitation in the morning between 8:00am and 11:00am, the afternoon between 1:00pm and 4:00pm, and the evening between 7:00pm to 9:00pm.[2] From the moment of check-in at the facility until meeting with Mr. Brown will take on average 20 minutes—this means that a three-hour block of time is, in practice, going to be less than three hours of time with Mr. Brown. From the moment of concluding the meeting to counsel being released will take on average another 20 minutes (and recently much more).

In short, the Defendant's move two hours away to a facility that does not allow for any possible review of discovery without counsel's presence and on counsel's laptop creates myriad practical constraints. In a case where the Government represents that it is producing an unprecedented amount of electronic discovery. and that "defendants are in a better position to determine what evidence they believe is exculpatory …" [ECF No. 67 at 16], these constraints negatively affect Mr. Brown's Constitutional interests.

Date: April 10, 2022                              Respectfully submitted,

                                                  Jeffrey S. Brown
                                                  By Counsel


/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314

---

[2]https://www.cvrj.org/central_virginia_regional_jail1.13.2020_006.htm#:~:text=8%3A00%20a.m.%20%2D%2011%3A,00%20p.m.%20%2D%209%3A00%20p.m. (last visited April 10, 2022).

Phone: (703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Discovery Status Filing was served upon counsel of record through ECF on the date of filing.

/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
Phone: (703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*

4869-5807-7979, v. 1