UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-178 (APM) |
| | : | |
| JEFFREY BROWN, | : | |
| Defendant. | : | |
| | : | |

**DISCOVERY ACCESS STATUS UPDATE**

COMES NOW the Defendant, Jeffrey Brown, through counsel, and provides this access to discovery status update pursuant to the Court's April 1, 2022, Order. [ECF No. 93.] In that Order the Court instructed "[i]f Mr. Brown still has not received access to a laptop to review discovery or to the Evidence.com platform, counsel shall notify the court …." This update also replies to the Court's finding that "Defendant has not identified any 'appropriate person' to whom he could be released under 18 U.S.C. § 3142(i)." *Id.*

**A.   Access to Discovery.**

Mr. Brown does not have access to discovery. As briefed in prior filings, Mr. Brown was moved from the Correctional Treatment Facility (CTF) in Washington, D.C., to the Central Virginia Regional Jail (CVRJ) in Orange, Virginia, following the status hearing on February 18, 2022. Counsel filed a previous Discovery Access Status Update on April 10, 2022, while Mr. Brown was in the CVRJ, documenting Defendant's inability to directly access discovery. Counsel raised continued access to discovery concerns with the Court in the status hearing on April 18, 2022.

Following that hearing, Mr. Brown was moved to Rappahannock Regional Jail (RRJ) in Stafford, Virginia. Since his move to the RRJ, counsel has worked with the facility in an

attempt to make discovery available to Mr. Brown. Those attempts have been unsuccessful.

RRJ does not currently allow for any in-person client visits. Due to on-going COVID-related restrictions, privileged communication is allowed, during limited hours, through the facility's on-site video-visitation system. Counsel is unaware of any other privileged communication options that are currently available at this facility. There is no way to share electronic discovery with an inmate through this video visitation console.

Counsel coordinated with the RRJ to make electronic discovery available to Mr. Brown through CDs, which he may be permitted to review on a computer in the facility. Counsel mailed CDs with discovery to the facility's point of contact, per the facility's instructions to Counsel. Counsel confirmed that the facility received these CDs. The facility was able to access and open the material on the CDs—confirming that the CDs work.

The facility intended for Mr. Brown to access this material through a library computer. This library computer cannot open the material on the CDs. As a result, Mr. Brown does not have access to any discovery. Counsel is unaware of when, or if, he will ever receive access to this discovery. Neither Counsel nor Client can prepare for trial or otherwise exercise Mr. Brown's rights if he does not have access to discovery. He has been detained since September of 2021.

B.   **Appropriate Person for Release.**

The Court's April 1, 2022, Order also stated that "Defendant has not identified any 'appropriate person' to whom he could be released under 18 U.S.C. § 3142(i)." [ECF No. 93.] Following his arrest on August 26, 2021, a Magistrate Judge in the Central District of California ordered his release pending trial. A pretrial service report was produced, and pretrial services contacted Mr. Brown's girlfriend and referenced her in the report. It was counsel's understanding

that Mr. Brown's girlfriend was identified as the "appropriate person" to whom he could be released.[1]

To avoid any lack of clarity regarding Defendant's position, Mr. Brown's long-term girlfriend is an appropriate person to whom he could be released—counsel has confirmed this with her, and she is ready and available to provide any additionally needed information to pretrial services. And if for some reason she was not approved by pretrial services or the Court, Mr. Brown's mother is also an appropriate person to whom he could be released. Counsel is withholding their names and other identifying information in this filing for their privacy, but both are willing to do anything needed to facilitate his release. Counsel can file supplemental filings on this issue if helpful to the Court's consideration.

In sum, Mr. Brown's continued detention without access to discovery violates his constitutional and statutory rights and frustrates his ability to meaningfully participate in his defense.

Date: June 5, 2022                                         Respectfully submitted,

                                                           Jeffrey S. Brown
                                                           By Counsel


/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
Phone: (703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*

---

[1] As noted in the Court's Opinion Revoking the Release Order, the specifics from the hearing and report are limited. [ECF No. 14, p. 5, n.1.]

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of Defendant's Discovery Status Filing was served upon counsel of record through ECF on the date of filing.

                                            /s/ *Samuel C. Moore*
                                            Samuel C. Moore
                                            Law Office of Samuel C. Moore, PLLC
                                            526 King Street, Suite 506
                                            Alexandria, Virginia 22314
                                            Phone: (703) 535-7809
                                            Fax: (571) 223-5234
                                            scmoore@scmoorelaw.com
                                            *Counsel for Jeffrey Brown*

4869-5807-7979, v. 1