## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-178 (APM) |
| | : | |
| JEFFREY BROWN, | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT JEFFREY BROWN'S MOTION
## FOR TEMPORARY PRETRIAL RELEASE

Defendant Jeffrey Brown, through counsel, respectfully requests that this Court order his Temporary Pretrial Release pursuant to 18 U.S.C. § 3142(i) to allow for the preparation of Mr. Brown's defense and for the compelling reasons provided herein.  In short, because of the on-going COVID-19 conditions in Mr. Brown's detention facilities, the inability to fully share discovery with Defendant, and the unequal access to discovery, Mr. Brown's release is necessary for the preparation of his defense including his ability to meaningfully exercise his Fifth and Sixth Amendment rights to due process, speedy trial, equal protection, and counsel.

## BACKGROUND

**A.**   **Mr. Brown Fully Complied with Release Conditions and Subsequently Self Surrendered as Ordered**

On August 26, 2021, the Government arrested Mr. Brown at his residence in California on a criminal complaint alleging Inflicting Bodily Injury on Certain Officers (18 U.S.C. § 111(a) and (b)); Civil Disorder (18 U.S.C. § 231(a)(3)); Entering and Remaining in a Restricted Building or Grounds, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, and Engaging in Physical Violence in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1), (2), and (4)); Disorderly Conduct on Capitol Grounds, Impeding Passage Through the Capitol Grounds or Buildings, and an Act of Physical Violence in the Capitol Grounds or Buildings (40

U.S.C. § 5104(e)(2)(D), (E), and (F)), related to Defendant's involvement at the United States Capitol on January 6, 2021. [ECF No. 1.] Superseding indictments followed, alleging substantially the same claims. [ECF No. 42, 63.]

Mr. Brown was brought before a U.S Magistrate Judge in the Central District of California, who denied the Government's oral motion for pre-trial detention. The Government requested a 24-hour stay of Mr. Brown's release for review and appeal of the Release Order. The Magistrate denied this request and released Mr. Brown. A pretrial service report was produced, and pretrial services contacted Mr. Brown's girlfriend and referenced her in the report. It was counsel's understanding that Mr. Brown's girlfriend was identified as the "appropriate person" to whom he could be released.[1]

The Government then appealed this decision to the District Court in the District of Columbia. [ECF No. 6.] On September 3, 2021, the District Court granted the Government's Motion to Revoke Release Order through a Memorandum Opinion and Order. [ECF No. 14.] Defendant appealed this ruling to the Court of Appeals, which affirmed the District Court's pretrial detention order on November 17, 2021.

Pursuant to the Court's September 3, 2021, detention order, Mr. Brown self-surrendered on September 7, 2021, in California. Meaning, Mr. Brown was initially released, and he fully complied with all release conditions, including self-surrendering as ordered. He proved that he is not a danger to the community if released and he is not a flight risk.

**B.**    **Attempts at Discovery at the CTF**

After he surrendered as ordered, he was transferred to the District of Columbia, where he has was initially detained in the CTF. Since his surrender, counsel and Defendant have gone to

---

[1] As noted in the Court's Opinion Revoking the Release Order, the specifics from the hearing and report are limited. [ECF No. 14, p. 5, n.1.]

great lengths to make discovery available.  There are two categories of electronic discovery at issue: (1) the more narrowly-focused discovery that the Government used for the Grand Jury, which shows some of Mr. Brown's action at the time of the alleged conduct; and (2) the broader discovery trove that the Government is producing through evidence.com, which relates to the general facts of the incident and are relevant to both plea discussions and trial preparation.

For the first category, the parties were on the cusp of getting this narrow discovery into Defendant's hands when he was suddenly transferred out of the CTF following the status hearing on February 18, 2022.  Counsel's and Defendant's steps toward making discovery available were recounted in Defendant's February 23, 2022, Motion to Reconsider Bond Status.  [ECF No. 75.] The Government has explained the second category of discovery in prior Court filings:

> Through an unprecedented collaboration among the government, FPD, FPD's National Litigation Support Team ("NLST"), American Prison Data Systems ("APDS"), the DOC, and Axon Enterprise, Inc. ("Axon"), as of February 2, 2022, a separate, stand-alone instance of evidence.com has been made available to allow in-custody Capitol Siege defendants who are pending trial to view video footage.

[ECF No. 67, at p. 4.]

## C.    Attempts at Discovery at CVRJ

After leaving the CTF, Mr. Brown moved to the Central Virginia Regional Jail (CVRJ) in Orange, Virginia.  Counsel filed an April 10, 2022, Status of Discovery Update regarding the limitations of discovery at the CVRJ.  [ECF No. 95.]   As noted in that filing, the first category of discovery was only going to be available with counsel sharing a laptop with Defendant during in-person visits under considerable time and logistical constraints.   The second category of discovery was never going to be available to Defendant at the CVRJ.

## D.    Attempts at Discovery at RRJ

Following the April 18, 2022, status hearing Mr. Brown was moved to the Rappahannock

Regional Jail (RRJ) in Stafford, Virginia.  As detailed during the June 24, 2022, status hearing and in Counsel's June 5, 2022, Discovery Access Status Update [ECF No. 103], on-going COVID-19 restrictions make visitation difficult; for example, counsel is unaware of any visitation method that does not involve being remote or, at best with advance coordination, in person through glass.  This means that the ability so share discovery through Counsel's laptop is limited.  Likewise, the limited ability to share discovery through Compact Discs has proved to be logistically difficult.

In addition to the difficulties that will persist in providing the first category of discovery to Mr. Brown, the RRJ simply does not and will not provide access to any process for Mr. Brown to access the second category of evidence through evidence.com.  After nearly 11 months confinement and persistent attempts to help by all parties (the Government and this Honorable Court included), this is the state of Mr. Brown's access to discovery. This matter is scheduled for trial starting on November 1, 2022.

## ARGUMENT

### A.  <u>Releases is appropriate to permit Mr. Brown to prepare for Trial</u>

A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."   18 U.S.C. § 3142(i).  Courts have regularly used this provision to recognize the risks related to COVID-19, including the need to review discovery, prepare with counsel, and fully exercise Constitutional rights.  This request is particularly ripe now that the case is scheduled for trial in less than 4 months and Defendant does still not have ready access to discovery despite considerable efforts.

4

While in some cases the limited access to electronic discovery may be workable, the nature of the January 6 prosecutions is entirely reliant on electronic discovery—both inculpatory and exculpatory.  In fact, the basis for the many continuances and delays in prosecution in the January 6 cases, including this one, is generally due to the Government's argument that this is an unprecedented production of electronic discovery.  Based on these representations—and the reality that this is an unprecedented level of discovery—Mr. Brown has continually waived this right to speedy trial, and he has consented to continued delays in his case, even though he has been confined since September of 2021 with limited discovery.

The Government has represented to the Court that it has developed numerous processes and procedures that will allow January 6 defendants to review relevant discovery. [*See, e.g.,* ECF No. 67, at pp. 4, 12.]  And the Government rightfully concedes the essential role that individual defendants (not just counsel) play in reviewing and identifying relevant evidence:

> As defendants are in a better position to determine what evidence they believe is exculpatory and will help in their defense, we maintain that our plan – to provide the defense with all data that may contain such information, but in a manner that will facilitate search, retrieval, sorting, and management of that information – continues to be reasonable and appropriate.

[ECF. No. 67 at 16.]

The continued inability to fully access discovery violates Mr. Brown's Fifth Amendment Due Process rights, while frustrating his right to competent counsel under the Sixth Amendment, as counsel is not able to meaningfully consult, advise, and plan a defense.  This also effectively denies Defendant's Sixth Amendment right to Speedy Trial, as counsel and Defendant are unable to discuss and consider motions, plea discussions, trial strategy, or possible sentencing considerations.

The only two options that would begin to address these concerns are (i) Mr. Brown's

return to the CTF, where more robust electronic discovery access is apparently available, or (ii) release under appropriate conditions.  Since a return to the CTF does not appear possible, then only release to home confinement—with all other appropriate conditions that the Court considers necessary—will allow Mr. Brown to fully review the evidence produced by the Government and to meaningfully participate in his defense with counsel.

**B.**     **Unequal Access to Discovery**

In addition to the compelling basis above, the inherent unequal access to discovery further supports his pretrial release.  Mr. Brown is a co-defendant, charged through superseding indictments and scheduled to be tried along with three other defendants.  All three of his co-defendants have access to discovery to which Mr. Brown does not have.  Mr. Schwartz remains confined at a facility that allows for access to electronic discovery, including evidence.com. Meantime, Mr. Maly and Ms. Stallings are released, with robust access to discovery, including evidence.com.

Notably, the Government alleged at Mr. Maly's detention hearing that it was Mr. Maly who picked up cannisters, sprayed them at law enforcement, and provided them to others.  This conduct is, at worst, on level with the allegations against Mr. Brown.  Mr. Maly also had a criminal record and was found with impermissible weapons at his home.  Mr. Maly was released by the Court on conditions, and he is now able to fully review discovery. Mr. Brown, on the other hand, has no criminal record and a better argument in favor of release.

If he is not released, he will stand trial along side Mr. Maly and his other co-defendants without full access to discovery.  This violates Mr. Brown's due process and equal protection rights, and it militates further in favor of temporary release pending trial.

Mr. Brown has proved that he can be trusted upon release, he has appropriate individuals

to whom he could be released—his long-term girlfriend or, as a back-up, his mother—and only release at this point will allow him to prepare for trial.  Whether the Court considers the requested relief appropriate under 18 U.S.C. § 3142(i) or as changed circumstances under 18 U.S.C. § 3142(f), pre-trial release is appropriate as Mr. Brown cannot meaningfully contribute to his defense, receive and review discovery material, and fully exercise his Fifth and Sixth Amendment rights to due process, speedy trial, and counsel.

## CONCLUSION

Wherefore, Defendant Jeffrey Brown respectfully requests that the Court order his Temporary Pretrial Release to allow him to prepare for trial.

Respectfully submitted,

Jeffrey S. Brown
By Counsel

/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
(703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant Jeffrey Brown's Motion for Release Pending

Trial was served upon counsel of record through ECF on the date of filing.

_/s/ Samuel C. Moore_
Samuel C. Moore
Law Office of Samuel C. Moore,
PLLC 526 King Street, Suite 506
Alexandria, Virginia 22314
(703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
_Counsel for Jeffrey Brown_