UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 21-CR-178 (APM) |
| : | |
| JEFFREY BROWN, : | |
| Defendant. : | |
| : | |

### DEFENDANT JEFFREY BROWN'S REPLY
### IN SUPPORT OF MOTION TO SEVER

COMES NOW the Defendant, Jeffrey Brown, through counsel, and respectfully submits this Reply to the Government's Opposition to Defendant's Motion to Sever his trial from that of his Co-Defendants pursuant to Rule 8(b), 12(b)(D), and 14(a) of the Federal Rules of Criminal Procedure. The Government's Opposition jointly addresses Mr. Brown's Motion and Mr. Schwartz's separate Motion to Sever [ECF No. 120, 129], largely relying on the notion that the Defendants' actions were linked and judicial economy would be served by a joint trial.

The Government attempts to conflate the parties and the events in support of its position, but to follow its argument to its logical conclusion would allow for the joinder of any of dozens if not hundreds of defendants who have been charged related to the January 6, 2020, events. Here, however, the Defendants do now know each other, did not act in concert, did not plan together, and do not otherwise have a sufficient nexus to support their joinder.

The Government's concern for judicial resources and economy does not overcome Mr. Brown's independent Constitutional interests, which will be impaired through a joint trial. This is particularly clear where Mr. Schwartz is charged with Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) and 2. The overly broad and ambiguous nature of this criminal statute as alleged creates two problems for Mr. Brown. First,

it potentially allows the Government to present a far broader scope of evidence related to Mr. Schwartz, January 6, and other tenuously connected allegations and claims that can only serve to prejudice Mr. Brown since he does not also face this claim.

Second, the broad and ambiguous scope of the allegation under this statute means it is nearly impossible for Mr. Brown to predict and be prepared to counter the arguments and evidence that may be used used at trial by the Government related to Count VIII.  And since the Count is not against him, Mr. Brown has no recourse through a request for a Bill of Particulars or other potential relief from the Government.  Mr. Brown will therefore be left to the whim of the Government as it relates to this charged conduct regarding Mr. Schwartz, which will prejudicially impact Mr. Brown.

## Conclusion

Because the Co-Defendants are not charged with the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses, and because Joinder would prejudice Mr. Brown, Defendant respectfully requests that the Court grant his Motion to Sever.

Date: September 20, 2022                                       Respectfully submitted,

                                                                                    Jeffrey S. Brown
                                                                                    By Counsel


/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
Phone: (703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Reply in Support of Motion to Sever was served upon counsel of record through ECF on the date of filing.

/s/ *Samuel C. Moore*
Samuel C. Moore
Law Office of Samuel C. Moore, PLLC
526 King Street, Suite 506
Alexandria, Virginia 22314
Phone: (703) 535-7809
Fax: (571) 223-5234
scmoore@scmoorelaw.com
*Counsel for Jeffrey Brown*
